judge Robertson
delivered the opinion of the Court.
McKeunv Hook bought a mare, with the money of his daughter, Nancy C. Hook. After-wards, Nancy became a lunatic, and Belitha Hook was appointed her committee. The mare was considered the property of Nancy.
McKinney Hook having died intestate* George S. Huston and Isaac Turner, were qualified as the administrators of his goods and chattels.
It seems that the administrators and the committee' of Nancy C. Hook, made a compromise of her claim to the mare, whereby it was agreed that they should pay to her committee, the money which had been used by her father in the purchase of the mare, and that the mare, should be sold by them as the estate of the intestate.
After this agreement, the committee recovered a judgment against the administrators, for the amount which they had promised to refund to Nancy C. Hook, and they sold the mare at the sale of the estate of the intestate-.
Elisha Hook purchased her, and executed his nq,te for the price, with Belitha Hook, as his surety.
This suit was brought on this note.
The defendants below* filed two pleas, impeaching the consideration of the note. The first averred *112 that the mare was not. the property of McKinney Hook, but of Nancy C. Hook. The second alleged, that no Consideration passed from the plaintiffs to the defendants, and that therefore the note was without consideration.
ilea, to ac-«that°no consideration passed/rom For° may have been sufficient 2“ Óne’ ^ party, or gam to other, to tract'11 °°n" Issue on such cafería/™'
flea to ao-tionon bond, ‘that horse, eonsideraHon •of bond, was not property ^P1Hp’*sno ’ pl’tff. may 0f some rafae.
*112 A demurrer having been sustained to the first plea, and issue joined on the last, the jury found a verdict for the .defendants, and the court refused to grant a new trial, but rendered judgment for the defendants on the verdict.
To reverse this judgment, this writ of error is prosecuted.
Although the evidence preponderated decidedly in favor of the plaintiffs, as there was some próof for the defendants, we do not know that We would reverse the judgment, solely on the ground of the insufficiency of the testimony, to authorize the verdict.
But the issue was immaterial, although no consideration may have passed from the plaintiffs to the defendants, nevertheless there might have been a sufficient legal consideration of loss, to the one party, or benefit to the other, to sustain the contract. Therefore, if the plea were admitted to be true, it would not present necessarily a bar to the action. The latter declaration in the piea, that, “ therefore, the was given without consideration,” is not a substantial averment, but only a deduction from the precedent allegation, that “ no consideration passed frorft the plaintiffs to the defendants.” Such an inference *s a “nonsequitur,” and therefore it does hot help the plea.
That the plea is immaterial, is established by the ease of Clay vs. Johnson, et al. V. Littell’s Rep. 176.
The first plea was also defective-. Forif it be admitted that the want of title in the plaintiffs might shew that there was no consideration for the note, yet as plea does not aver enough to evince the absence of any right in the plaintiffs, it could not bar ,the.action. Although the right of property may not have been in the intestate, as averred in the plea, still the administrators may have had a right to the possession or to the use. or some other special or.quair *113 (tied right to the mare, which was of some value. The plea does not allege that the plaintiffs had no right whatever to the mare. See Minor vs. Kelly, V. Monroe, 273. Nor does it aver such facts as would shew that a judgment in favor of the defendants, on their plea, would entirely bar an action by them against the plaintiffs, on the implied warranty of (ble. ' This is essential to a plea impeaching the consideration of a note, on the ground of a want of title to the thing which constituted the consideration. See Young vs. Triplet, V. Litlell’s Rep. 247.
Haggin and Wickliffe, for plaintiffs; John Trimble for defendants.
It was therefore proper to sustain the demurrer to this plea.
And therefore, as the issue was immaterial on the other plea, the verdict should not stand.
Wherefore, the judgment of the circuit court is reversed, and the cause remanded for a new trial.